# UNITED STATES DISTRICT COURT
District of Columbia

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| STEPHANIE DANIELLE MILLER | ) | Case Number: 21-266-2 (TSC) |
| | ) | USM Number: 34257-509 |
| **Date of Original Judgment:** 12/15/2021 | ) | Joanne Slaight |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

## THE DEFENDANT:
☑ pleaded guilty to count(s)  4 of the Information filed on March 30, 2021

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 40:5104(e)(2)(G) | Parading, Demonstrating, or Picketing in a Capitol Building. | 1/6/2021 | 4 |

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all remaining counts  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/15/2021
Date of Imposition of Judgment

/s/ Tanya S. Chutkan
Signature of Judge

Tanya S. Chutkan     U.S. District Judge
Name and Title of Judge

4/29/2022
Date

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
***FOURTEEN (14) DAYS ON COUNT FOUR (4) TO BE SERVED SEQUENTIALLY TO DEFENDANT BRANDON MILLER'S (21-266-1) SENTENCE, WITH A CONDITION TO COMPLETE 60 HOURS WITHIN 12 MONTHS AND PROVIDE PROOF OF THE COMPLETION OF HER COMMUNITY SERVICE TO HER ATTORNEY, WHO IS DIRECTED TO FILE A NOTICE OF COMPLETION WITH THE COURT ON ON BEFORE 12/15/2022.***

☑ The court makes the following recommendations to the Bureau of Prisons:
   1. That the defendant serve her sentence at a local jail within the jurisdiction of the U.S Court for the Southern District of Ohio, where she resides.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Case 1:21-cr-00266-TSC   Document 61   Filed 04/29/22   Page 3 of 7

Judgment — Page 3 of 4

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 10.00 | $ 500.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| ARCHITECT OF THE CAPITOL OFFICE OFC OF THE CHIEF FINANCIAL ATTN: KATHY SHERRILL, CPA FORD HOUSE OFFICE BLDG ROOM H2-205 WASHINGTON, DC 20515 | | $500.00 | |
| TOTALS | $ 0.00 | $ 500.00 | |

☑ Restitution amount ordered pursuant to plea agreement $ 500.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:21-cr-00266-TSC   Document 61   Filed 04/29/22   Page 4 of 7
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 4 of 4

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $ 10.00 due immediately, balance due

☐ not later than _____, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

Restitution payments shall be made to the Clerk of the Court for the United States District Court, District of Columbia, for disbursement to the following victim: Architect of the Capitol Office, Office of the Chief Financial.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names        Joint and Several        Corresponding Payee,
(including defendant number)    Total Amount    Amount    if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)
DISTRICT: District of Columbia

# STATEMENT OF REASONS
(Not for Public Disclosure)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.

## I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

- A. ☐ The court adopts the presentence investigation report without change.
- B. ☐ The court adopts the presentence investigation report with the following changes: *(Use Section VIII if necessary)*
  *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)*
  1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

  2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

  3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

  4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

- C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
  Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)*

## II. COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

- A. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.
- B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:
  - ☐ findings of fact in this case: *(Specify)*
  - ☐ substantial assistance *(18 U.S.C. § 3553(e))*
  - ☐ the statutory safety valve *(18 U.S.C. § 3553(f))*
- C. ☐ No count of conviction carries a mandatory minimum sentence.

## III. COURT DETERMINATION OF GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: _____
Criminal History Category: _____
Guideline Range: *(after application of §5G1.1 and §5G1.2)* _____ to _____ months
Supervised Release Range: _____ to _____ years
Fine Range: $ _____ to $ _____

☐ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)
DISTRICT: District of Columbia

# STATEMENT OF REASONS

## VI COURT DETERMINATION FOR A VARIANCE *(If applicable)*

A. **The sentence imposed is:** *(Check only one)*
   - ☐ above the guideline range
   - ☐ below the guideline range

B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
   1. **Plea Agreement**
      - ☐ binding plea agreement for a variance accepted by the court
      - ☐ plea agreement for a variance, which the court finds to be reasonable
      - ☐ plea agreement that states that the government will not oppose a defense motion for a variance
   2. **Motion Not Addressed in a Plea Agreement**
      - ☐ government motion for a variance
      - ☐ defense motion for a variance to which the government did not object
      - ☐ defense motion for a variance to which the government objected
      - ☐ joint motion by both parties
   3. **Other**
      - ☐ Other than a plea agreement or motion by the parties for a variance

C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
   - ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
     - ☐ Mens Rea
     - ☐ Extreme Conduct
     - ☐ Dismissed/Uncharged Conduct
     - ☐ Role in the Offense
     - ☐ Victim Impact
     - ☐ General Aggravating or Mitigating Factors: *(Specify)*

   - ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
     - ☐ Aberrant Behavior
     - ☐ Lack of Youthful Guidance
     - ☐ Age
     - ☐ Mental and Emotional Condition
     - ☐ Charitable Service/Good Works
     - ☐ Military Service
     - ☐ Community Ties
     - ☐ Non-Violent Offender
     - ☐ Diminished Capacity
     - ☐ Physical Condition
     - ☐ Drug or Alcohol Dependence
     - ☐ Pre-sentence Rehabilitation
     - ☐ Employment Record
     - ☐ Remorse/Lack of Remorse
     - ☐ Family Ties and Responsibilities
     - ☐ Other: *(Specify)*
     - ☐ Issues with Criminal History: *(Specify)* _____

   - ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
   - ☐ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
   - ☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
   - ☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
   - ☐ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
   - ☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
   - ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*
   - ☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
   - ☐ Acceptance of Responsibility
   - ☐ Conduct Pre-trial/On Bond
   - ☐ Cooperation Without Government Motion for Departure
   - ☐ Early Plea Agreement
   - ☐ Global Plea Agreement
   - ☐ Time Served *(not counted in sentence)*
   - ☐ Waiver of Indictment
   - ☐ Waiver of Appeal
   - ☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007): *(Specify)*

   - ☐ Other: *(Specify)* _____

D. **State the basis for a variance.** *(Use Section VIII if necessary)*

DEFENDANT: STEPHANIE DANIELLE MILLER
CASE NUMBER: 21-266-2 (TSC)
DISTRICT: District of Columbia

# STATEMENT OF REASONS

### VII. COURT DETERMINATIONS OF RESTITUTION

A. ☐ Restitution not applicable.

B. Total amount of restitution: $ 500.00

C. Restitution not ordered: *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

### VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 6/29/1990

Defendant's Residence Address: 9364 U.S. 36, Bradford, OH 45308

Defendant's Mailing Address: same as above

Date of Imposition of Judgment: 12/15/2021

Signature of Judge

Tanya S. Chutkan   U.S. District Judge
Name and Title of Judge

Date: 4/29/2022